IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| COLONY REGENCY PARTNERS, LTD., | |
| Plaintiff, | |
| v. | 1:04-cv-121-WSD |
| LEXINGTON INSURANCE COMPANY, | |
| Defendant. | |

**ORDER**

This matter is before the Court on Defendant's Motion for Review of Taxation of Costs [50] and Plaintiff's Response to Defendant's Motion for Review of Taxation of Costs [51].

*Discussion*

Rule 54(d)(1) provides that "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." Fed. R. Civ. P. 54(d)(1). The rule "establishes a presumption that costs are to be awarded to the prevailing party, but vests the district court with discretion to decide otherwise." Chapman v. AI Transport, 229 F.3d 1012, 1038 (11th Cir. 2000). "To

defeat the presumption and deny full costs, a district court must have and state a sound basis for doing so." Id. at 1039.  A district court's decision regarding costs is reviewed for abuse of discretion.  Id.

The Court is allowed to assess the following costs under 28 U.S.C. § 1920:

(1) Fees of the clerk and marshal;

(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

Plaintiff seeks costs in the amount of $7,626.10 for "Fees for exemplification and copies of papers necessarily obtained for use in the case."  (Bill of Costs [47].) Defendant acknowledges that Plaintiff prepared a large number of documents for introduction as exhibits at the trial of this case.  It argues, however, that of the 279

exhibits Plaintiff prepared for trial, only 88 were introduced as exhibits. Accordingly, Defendant questions whether the expense of copying materials that were not introduced for use at trial was "necessarily" incurred for use in the case. Plaintiff responds by stating that document copy costs were incurred directly in connection with the trial, and to the extent they represent copies of exhibits not introduced, the availability of the exhibits was necessary to be prepared for cross-examination and rebuttal of evidence presented by the Defendant. Plaintiff notes that each of the exhibits at issue was listed in the Consolidated Pretrial Order submitted by the parties,[1] and the cost sought includes a set of the documents submitted for the convenience of the Court at trial.

The Court has considered the arguments advanced by the parties. Plaintiff has not offered any authority for the proposition that a cost that is "necessarily obtained for use at trial" hinges upon whether the material copied is introduced at trial. In fact, in this circuit, the Court has recognized in the context of deposition transcripts that use at trial is not the dispositive issue to determine whether a cost

---

[1] Plaintiff notes that one of the invoices for which costs are requested in an invoice dated September 9, 2003, is from Ikon in the amount of $1,054.16. This invoice was for copying of documents produced to the Defendant during discovery. This cost is not contested by Defendant.

was for information "necessarily obtained for use in the case."  EEOC v. W&O, Inc., 213 F.3d 600, 621 (11th Cir. 2000).  The question whether this cost is taxable (at least in the deposition context) "depends on the factual question of whether the deposition was wholly or partially necessarily obtained for use in the case."  Id. at 621 (citation omitted).  To require introduction at trial as a predicate for the award of costs is unreasonable.  Litigation is a dynamic process, and it was in this case.  During the course of the trial, examinations were narrowed, the parties stipulated to facts previously disputed, and, as evidence was introduced, both parties made strategic decisions to focus their case.  It is the nature of the trial process.  What is "necessarily obtained for use at trial" is better viewed by what was prepared to be available for use at trial.  In that context, the unused exhibits were obtained for and intended to be used in the case.  Whether a cost is allowable should not be determined by what ended up being introduced at trial.[2]

Here, Plaintiff provides affidavit testimony that the copying costs at issue

---

[2] The Court notes further that costs representing "fees for and disbursements for printing and witnesses" is a general category of permissible costs and that this broader category suggests strongly that the cost to reproduce material in connection with the trial of a case is an awardable cost, despite that the material reproduced is not actually offered into evidence.

were associated with the preparation of exhibits for use at trial.  That some of the exhibits were not introduced does not discredit this expense as an allowable cost.  The documents at issue were necessary for use in the case, even if not ultimately introduced.  See id. ("Taxation of deposition costs of witnesses on the losing party's witness list is reasonable because the listing of those witnesses indicated both that the plaintiff might need the deposition transcripts to cross-examine the witnesses, and that the information these people had on the subject matter of this suit was not so irrelevant or so unimportant that their depositions were outside the bound of discovery.").  However, the cost incurred for providing courtesy copies of the exhibits for the Court's use was not a necessary cost and is not allowable.  Plaintiff should reduce its request for copying cost by the cost incurred to provide a courtesy set of exhibits to the Court.

For the reasons stated above,

**IT IS HEREBY ORDERED** that Defendant's Motion for Review of Taxation of Costs to the extent it moves this Court to deny Plaintiff's request for costs to copy exhibits is **DENIED** except that costs should be reduced by the cost incurred to provide this Court with a courtesy set of the exhibits.

**SO ORDERED**, this 20th day of December, 2005.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE